UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELE GIROUX,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ESSEX PROPERTY TRUST, INC.,<br><br>　　　　　　Defendant. | Case No.16-cv-01722-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 43 |

Pending before this Court is Defendant Essex Property Trust, Inc.'s motion to dismiss. *See* Dkt. No. 43. For the reasons detailed below, the Court GRANTS the motion to dismiss.

# I.  BACKGROUND

## A.  Factual Background

Plaintiff Angele Giroux alleges that Defendant, her current employer, experienced a large-scale cybersecurity data breach. Dkt. No. 42 ¶¶ 1–2. As a result of the breach, cybercriminals accessed personal identifying information — including full names, social security numbers, 2015 compensation information, and payroll deduction information — for over 1,500 of Defendant's current and former employees. *Id.* ¶¶ 1–2. Defendant notified Plaintiff and the other putative class members of the breach in March 2016. *Id.* ¶ 5. Plaintiff asserts that the data breach resulted from Defendant's failure to implement reasonable security measures to detect and prevent cyber-attacks. *Id.* ¶¶ 6–7.

## B.  Procedural Posture

On the basis of these facts, Plaintiff filed this action against Defendant under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), in April 2016. Dkt. No. 1. Rather than oppose Defendant's motion to dismiss, Plaintiff amended the complaint on October 4, 2016. Dkt. No. 42 ("FAC"). Plaintiff asserts four claims for relief on behalf of a putative class comprised of

Defendant's current and former employees: (1) negligence; (2) breach of an implied contract to safeguard personal identifying information; (3) invasion of privacy; and (4) declaratory judgment that Defendant's cybersecurity measures were, and continue to be, inadequate. Plaintiff seeks actual and statutory damages as well as injunctive and declaratory relief. Defendant now brings its second motion to dismiss. *See* Dkt. No. 43.

## II. LEGAL STANDARD

A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## III. ANALYSIS

As a threshold issue, Defendant argues that Plaintiff has failed to allege sufficiently concrete and particularized injury from the data breach to support Article III standing.

Article III of the Constitution limits the jurisdiction of the federal courts to actual "cases" and "controversies." U.S. Const., Art. III, § 2. One element of this case-or-controversy requirement is that the plaintiff must have standing to bring a claim. *Spokeo, Inc. v. Robins*, — U.S. —, 136 S. Ct. 1540, 1547, *as revised* (May 24, 2016). To establish Article III standing, a

plaintiff must show: (1) she "suffered an injury in fact"; (2) "that is fairly traceable to the challenged conduct of the defendant"; and (3) "that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547 (citations omitted). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). Allegations of future harm can establish Article III standing if the harm is "*certainly* impending," whereas speculative "allegations of *possible* future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 (2013) (quotation omitted).

Plaintiff bears the burden of proving that she has standing. *Spokeo*, 136 S. Ct. at 1547. Critically, in the context of a putative class action, the Court must assess whether the *named* Plaintiff has Article III standing. *Gratz v. Bollinger*, 539 U.S. 244, 289 (2003) ("[E]ven named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.") (quotation omitted).

Yet Plaintiff has combined allegations describing the harm she has suffered with the harm the larger putative class has suffered. For example, Plaintiff alleges that she and class members have suffered actual damages that include "time spent and costs associated with mitigating the risk of identity theft, reversing the effects of actual identity theft crimes, costs for credit monitoring for their lifetime, identity theft insurance, tax fraud consequences, and costs associated with freezing and unfreezing financial and other accounts." FAC ¶ 9; *see also id.* ¶ 4 (listing specific examples of harm that some "[o]ther employees . . . have experienced"). Plaintiff does not specify which of these costs, if any, Plaintiff has personally incurred since Defendant notified her of the data breach. The only allegations that Plaintiff makes about herself are generically that she "will have to remain vigilant for the rest of her life to combat potential identity theft and tax fraud," *id.* ¶ 8, and that she "has already expended time, effort, and financial resources . . . ." *Id.* ¶ 54. Without more clarity about the specific harm that Plaintiff has personally suffered, the Court cannot adequately assess whether Plaintiff has Article III standing.

3

## IV. CONCLUSION

Accordingly, the Court GRANTS the motion to dismiss. Plaintiff must amend the complaint with allegations specifying her own injuries by May 26, 2017.

**IT IS SO ORDERED.**

Dated: 5/1/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge